MARY KOWALCZYK *vs.* TOWN OF BLACKSTONE & another.

No. 98-P-259.

Worcester. May 25, 1999. - October 7, 1999.

Present: ARMSTRONG, PERRETTA, & GELINAS, JJ.

*Municipal Corporations,* Charter, Collector of taxes, Treasurer, Fees.

Where a municipal charter provided that all fees or other revenues collected by a municipal officer or employee be paid into the town treasury and there was no statute to the contrary, an elected municipal tax collector and treasurer was not entitled to retain as compensation the collected fees, costs, and charges specified in G. L. c. 60, §§ 2 and 15. [58-59]

CIVIL ACTION commenced in the Superior Court Department on June 25, 1996.

The case was heard by *Daniel F. Toomey,* J.

*Joel B. Bard (Patricia A. Cantor* with him) for the defendants.
*Gerald M. Moody* for the plaintiff.

ARMSTRONG, J. The defendants, the town of Blackstone and its board of selectmen, appeal from a judgment declaring that the plaintiff, who is the elected tax collector and treasurer of the town, is entitled to retain for her own use the fees and charges specified in G. L. c. 60, § 15 — primarily demand and warrant fees and charges for collection of delinquent local taxes. The judge decided that the plaintiff was entitled to the fees and charges; he relied for this conclusion primarily on the language of G. L. c. 60, § 2, which differentiates between the taxes and interest recovered by the collector ("[the collector] shall . . . pay over said taxes and interest to the city or town treasurer") and the charges and fees so collected ("[h]e shall also give to the treasurer an account of all charges and fees collected by him").

The Blackstone charter provides in § C9-16 that "[u]nless otherwise specified by the General Laws all fees or other revenues collected by a town officer or employee . . . shall be

paid into the treasury of the town and shall not accrue to the benefit of any individual." Municipal charters duly adopted in accordance with G. L. c. 43B have the effect of law so long as they present no conflict with laws enacted by the Legislature. See *City Council of Boston* v. *Mayor of Boston*, 383 Mass. 716, 719 (1981). Nothing in G. L. c. 60, § 2, or in § 15 of the same chapter, or in G. L. c. 44, § 53, "specifies" that a collector of taxes is entitled to keep as compensation the fees charged for tax collection services. *Finer* v. *Boston*, 334 Mass. 234, 242 (1956) (such fees "establish as between the taxing authority and the taxpayer certain charges for the cost of collection arising from the taxpayer's delinquency. But they do not purport to fix the compensation to be paid by the city or collector to the deputy [collector]"). To the same effect, see *Converse* v. *Jennings*, 13 Gray 77, 78 (1859). Contrast G. L. c. 131, § 11, sixth par. (town clerk issuing archery stamp or primitive firearms stamp may retain a portion of the fee); c. 131, § 17A (town clerk may retain fee for fishing and game license); c. 60, § 23 (collector in town of less than five thousand persons may keep municipal lien certificate fee in some circumstances). See also G. L. c. 8, § 9A (superintendent of State buildings may retain some charges for the use of State buildings for educational and cultural programs at the State House). Statutes providing for fee retention, however, are an anomaly in this century. Tax collectors are in most, if not all, instances salaried officers of the municipality, as is Blackstone's.

At most, the difference drawn in these statutes between taxes and interest, which must be paid into the town treasury, and fees, charges, and costs of collection, which must be accounted for, is to leave it optional with the municipality whether to treat the fees, charges, and costs as town revenues or as compensation for the collector. Section C9-16 of the Blackstone charter decides the point in favor of the town's treasury.

The judgment is reversed, and a new judgment is to be entered declaring that the collected fees, charges, and costs referred to in G. L. c. 60, §§ 2 and 15, are to be paid into Blackstone's treasury.

*So ordered.*